UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| MARK PENN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 23-143-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SUNBELT RENTALS, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Mark Penn sued Defendant Sunbelt Rentals, Inc. ("Sunbelt Rentals") and unnamed individuals after being terminated from an at-will position with the company. Penn alleges, in part, that Sunbelt Rentals terminated his employment because of his disability and that the company's actions: (i) violated the American Disabilities Act (42 U.S.C. § 12101 *et seq.*) and Title 41 of the Ohio Revised Code; (ii) breached his contract for employment; and constitute discrimination under the respondeat superior doctrine. Sunbelt Rentals has filed a motion to dismiss these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendant's motion will be granted for the reasons that follow.

**I. Background**

Penn served as a Profit Center Manager with Sunbelt Rentals for a little over two years (i.e., from March 11, 2020, until April 22, 2022). Although Sunbelt Rentals is located in Independence, Kentucky, Penn reportedly performed most of his labor in Ohio. According to his employment agreement, Penn was an at-will employee. This agreement established his expected renumeration and fringe benefits, as well as a compensation plan outline. The

agreement also contained a provision declaring that his compensation, fringe benefits, vacation time, and opportunities for expense reimbursement would expire upon his termination.

Penn requested medical leave from his employer a month before being dismissed. He subsequently received a leave of absence so he could receive medical treatment for a claimed disability. Penn returned to work about ten days later. However, Sunbelt Rentals terminated Penn about a week before employees were set to receive bonuses based on their performance during the previous earnings quarter and fiscal year. Sunbelt Rentals did not pay Penn's performance bonus after dismissing him and ceased providing other benefits identified in the employment agreement.

Penn later filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission, alleging disability discrimination and retaliation in violation of federal and state law.[1] He received a right to sue notice from the EEOC, but the Ohio Civil Rights Commission determined that it "[did] not have jurisdiction over [the] matter because Charging Party's employment is located in the [Commonwealth] of Kentucky." [Record No. 7-1] The state agency ultimately dismissed Penn's administrative claim as a result.

In addition to Sunbelt Rental's motion to dismiss three of Penn's claims, Penn seeks leave to amend his original Complaint based on arguments raised by the defendant.

## II. Legal Standard

Pleadings standards demand "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When considering a motion to dismiss

---

[1] Penn asserts that he performed a significant amount of labor in Ohio. His actual residency, however.

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must "construe the [claims] in the light most favorable to the [complainant], accept its allegations as true, and draw all reasonable inferences in favor of the [complainant]." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (discussing FED. R. CIV. P. 12(b)(6)). The same deference, however, does not extend to bare assertions of legal conclusions, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papsan v. Allain*, 478 U.S. 265, 286 (1986).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is "plausible" if a court can draw a "reasonable inference" that the accused party is liable for the alleged misconduct. *Id*. When a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007)).

In addressing motions to dismiss, courts may consider documents and information subject to judicial notice, as well as documents attached to or incorporated by reference, as part of the complaint. *See Berera v. MESA Med. Grp., PLLC*, No. 5:13-CV-294-JMH, 2014 WL 29386, *2 (E.D. Ky. Jan. 3, 2014), *aff'd as modified*, 779 F.3d 352 (6th Cir. 2015). Courts also "may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. quoting FED. R. EVID. 201(b)(2). Further, "if referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings." *Id.* at *3 (quoting *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir.2001)).

Notwithstanding the foregoing rules, a court should dismiss a claim if the well-pleaded facts permit the court to infer only "the mere possibility of misconduct." *Id*. Thus, a plaintiff must show "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *See Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 772 (E.D. Ky. 2017) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)).

### III. Discussion

Sunbelt Rentals moves the Court to dismiss three of Penn's causes of action. These specific claims are based on theories of liability for disability discrimination under state law, breach of contract, and respondeat superior.

#### A. Disability Discrimination Claim

Penn claims that Sunbelt Rentals' termination of his employment constitutes discrimination based on his disability. This claim is based on Ohio law, presumably because most of Penn's work with Sunbelt Rentals reportedly occurred in that state. Ohio recently enacted the Employment Law Uniformity Act ("EULA") which amends its discrimination laws and now requires that an employee to exhaust administrative remedies before filing a civil action. The Ohio legislature emphasized that "[t]he procedures and remedies for unlawful discriminatory practices relating to employment in this chapter are the sole and exclusive procedures and remedies available to a person who alleges such discrimination actionable under this chapter." *See* Ohio Rev. Code § 4112.08(B).

Under Ohio law, an individual may pursue a civil action for employment discrimination after filing a charge with the Ohio Civil Rights Commissions *and* either (i) receives a notice of a right to sue; (ii) requests a notice of the right to sue if the state agency fails to timely issue

- 4 -

such a letter; or (iii) receives a probable cause finding by the state agency. *See* Ohio Rev. Code § 4112.052(B)(1). Alternatively, an individual may file a civil action for employment discrimination without satisfying the foregoing conditions if:

    (a)    the person seeks only injunctive relief; or

    (b)    all of the following occur:

        (i)    the person filed a charge with the OCRC;

        (ii)    the person filed a charge with the EEOC or a successor organization; and

        (iii)    the person received a notice from the EEOC or a successor organization stating that the person may bring a civil action against the employer.

*See* Ohio Rev. Code § 4112.052(B)(2).

It is undisputed that Penn failed to exhaust his administrative remedies as required by Ohio law. Regardless, he seeks leave to amend his Complaint, presumably to fulfill the procedural requirements set forth in the statute.[2] But Penn's procedural deficiency for failing to exhaust administrative remedies is less damaging than the question of whether Ohio has jurisdiction over the claim. In denying Penn's application for the right to sue, the Ohio Civil Rights Commission explicitly held that "there is no jurisdiction under Ohio Revised Code Chapter 4112" for Penn to file his claim under state law. [Record No. 7-1; Exhibit A] Because Penn cannot meet the basic jurisdictional requirements for filing a charge in Ohio, both his original claim and his request to amend it lack merit. Therefore, Penn's employment discrimination claim under Title 41 of the Ohio Revised Code is subject to dismissal.

---

[2] This Court, like at least one sister district in another state, is unconvinced that receiving a right to sue from the EEOC in any way exhausts administrative remedies when clearly defined state law provides a prescribed procedure. *See Tattrie v. CEI-Roanke, LLC*, 2023 WL4196383 (W.D. Va. June 26, 2023).

## B. Breach of Contract Claim

Penn next claims that Sunbelt Rentals breached his employment agreement by not paying him the value of personal time off and other fringe benefits after his termination. Specifically, he claims that the defendant "breached the express and/or implied employment contract by failing [to] pay compensation pursuant to their contract." [Record No. 1] However, the existence of a written employment agreement forecloses the notion that any implied contract exists. *See Fruit Growers Exp. Co. v. Citizens Ice & Fuel Co.*, 112 S.W.3d 54, 56 (1937). Thus, the Court proceeds by evaluating the four corners of the agreement.

Typically, compensatory employment obligations arise when an employee provides a personal service for an employer. But not every compensatory obligation is based on a contract between an employee and an employer. However, when an employment relationship is contractual, a party can breach the contract. Under Kentucky law, a breach occurs when (i) a binding contract exists; (ii) a party breaches at least one term of the contract; and (iii) damages resulted. *Nationwide Mut. Fire Ins. Co. v. Castle*, 2013 WL 5503056, at *2 (E.D. Ky. 2013).

Initially, the Court determines whether the employment agreement constitutes a contract. In doing so, it observes that paragraph four of the agreement denotes that the "[e]mployee's employment shall be *at-will*." [Record No. 1-4] And the preceding paragraph emphasizes that "[n]othing in this [agreement] shall be deemed to alter the *at-will* status of employment." *Id*. Thus, the central determination becomes whether an at-will employment agreement can set forth binding contractual obligations.

In Kentucky, the nature of at-will employment is distinct from employment based on a mutually binding contract. An employment agreement unsupported by consideration, aside from the obligation to perform a service in exchange for compensation, is terminable at the

- 6 -

will of either party. *See Edwards v. Ky. Utils. Co.*, 286 Ky. 341, 150 S.W.2d 916, 917-18 (1941). And absent some contrary agreement, an agreement for at-will employment does not seem to create enforceable obligations because either party can terminate the relationship at a time of his/its choosing.[3]

Penn argues that "[s]everal neighboring courts have determined that at-will status does not terminate contractual agreements, whether in writing or oral." *See, e.g., Reaves v. CWC Power Coatings Co.*, 2023 WL 3635704 (M.D. Tenn. May 24, 2023). But did Penn's at-will employment agreement constitute a contract in the first place? This Court has held previously that "an agreement for at-will employment does not create an enforceable contract, and thus, a breach of contract action to enforce it will not lie." *See Clemans v. Nat'l Staffing Sols., Inc.*, 459 F. Supp. 3d 842, 845 (E.D. Ky. 2019); s*ee also Zieger v. Carl Zeiss Vision, Inc.*, 2020 WL 1317477, at *3 (E.D. Ky. Mar. 20, 2020) ("At-will employment, however, does not create an enforceable employment contract, so an at-will employee cannot bring a breach-of-contract claim.").

While Penn's status as a former at-will employee appears to prevent his agreement from being construed as a contract, he argues that Kentucky has long recognized an exception to employment-at-will where termination is in violation of public policy, including discrimination based on disability. *See Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983). Indeed, Kentucky courts recognize a public policy exception to the terminable-at-will doctrine where the employee's termination "is contrary to a fundamental

---

[3]  For example, an employer may discharge an employee "for good cause, for no cause, or for a cause that some might view as morally indefensible." *McDonald v. Webasto Roof Sys., Inc.*, 570 F. App'x 474, 477 (6th Cir. 2014) (quoting *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983)).

and well-defined public policy . . . evidenced by a constitutional or statutory provision." *Osborn v. Haley*, 2008 WL 974578, at *3 (W.D. Ky. April 8, 2008). But this exception is largely confined to claims of wrongful discharge rather than breach of contract. *See, e.g., Conn v. Deskins*, 238 F. Supp. 3d 924, 930 (E.D. Ky 2017); *Watts v. Lyon Cnty. Ambulance Serv.*, 23 F. Supp. 3d 792, 809 (W.D. Ky. 2014); *Beard v. McCammish Mfg. Co. Inc.*, 2003 WL 23811678, at *2 (W.D. Ky. Dec. 9, 2003).

It remains unclear whether Penn contends that the public policy exception overrides the common understanding that at-will employees are preventing from bringing breach of contract claims. But even assuming the exception applies in this context, Penn merely asserts he was discharged in violation of the Americans with Disabilities Act—a federal statute that protects individuals with recognized disabilities from employment-based discrimination. However, the "public policy exception has been found not to apply to public policy enunciated in federal law." *See Clark v. Sanofi-Synthelabo, Inc.*, 489 F. Supp. 2d 759, 771 (W.D. Ky. 2007) (citing *Shrout v. TFE Group*, 161 S.W.3d 351, 354 (Ky. Ct. App. 2005)). Penn otherwise claimed only that his rights had been violated under an anti-discrimination law in Ohio, and this Court will dismiss that cause of action for the reasons outlined in the foregoing section. As such, the public policy exception to the at-will termination doctrine is inapplicable.

And having determined that Penn was an at-will employee and the public policy exception does not apply, the Court concludes that Penn and Sunbelt Rentals were parties to at-will employment agreement rather than subject to a binding contract. But even if the parties were in a contractual relationship, it is unclear whether Sunbelt Rentals breached any term regarding compensatory obligations owed to Penn.

Penn argues that Sunbelt Rentals "cannot unilaterally terminate the[] agreement to pay compensation based on an employment-at-will status of an employee." [Record No. 13] He cites the "Renumeration and Fringe Benefits" provisions in paragraph three of the employment agreement acknowledging that his services would be compensated in a number of ways, including through profit sharing and with a variety of fringe benefits. [Record No. 1-4, ¶ 3] But Penn avoids any reference to the adjacent "Term and Termination" provision detailing when those benefits expire. Paragraph four of the employment agreement states:

> **Term and Termination**. The term of this Agreement and Employee's employment hereunder shall commence on the date of execution of this Agreement and shall continue indefinitely until terminated by either Employee or Corporation. Notwithstanding anything to the contrary contained herein, Employee's employment shall be at will. Consequently, either party may terminate this Agreement at any time, with or without cause and with or without notice. . . *Termination of employment shall constitute termination of Corporation's obligations under Paragraph 3 hereof, effective immediately upon termination of employment.*

Penn would likely be entitled to salary-based compensation for personal services rendered to the defendant based on the agreement's terms. But the employment agreement states merely that personal time off and other fringe benefits are only available "as may be provided" to employees by Sunbelt Rentals. Even assuming they were offered to Penn, paragraph four appears to draw the line for recouperation. Once an at-will employee is terminated under the agreement's terms, Sunbelt Rentals' obligations for providing those benefits as set forth in the preceding section cease immediately.

Alternative theories of liability may apply under these circumstances, but breach of contract is not one of them. In Kentucky, at-will employment agreements lack contractual characteristics. And state law holds that an at-will employee generally cannot bring a breach of contract claim. As a result, this cause of action will be dismissed.

### C. Respondeat Superior Liability

Penn attempts to plead a claim of respondeat superior against his former employer and employees John Does 1-10. He alleges that the unnamed employees "were acting within the scope of their employment" to further Sunbelt Rentals' interests without identifying any harmful conduct. [Record No. 1] But even if Penn had pleaded more than a threadbare claim, respondeat superior is "the theory that where one acts through the agency of another, in legal contemplation, he is himself acting and thus is responsible for acts of his agent." *See Brooks v. Grams, Inc.*, 289 S.W.3d 208, 211 (Ky. Ct. App. 2008); *see also Hall v. City of Williamsburg*, 2017 WL 3668113, *11 (E.D. Ky. Aug. 24, 2017).

It is well-settled law in Kentucky that respondeat superior is not a basis for individual liability. *See Smith v. Smith*, 333 S.W.2d 503, 504 (Ky. 1960) ("When an agent fails in any duty which he owes to a third party or the public generally, the principal is responsible for the failure"). Penn's claim for relief cannot stand and this cause of action is dismissed because the doctrine cannot be asserted as an independent cause of action,. *Taylor v. JPMorgan Chase Bank, N.A.*, 2014 WL 66513, at *8-9 (E.D. Ky. January 8, 2014).

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.     Defendant Sunbelt Rentals' motion to dismiss Plaintiff Mark Penn's third (disability discrimination), fourth (breach of contract), and fifth (respondeat superior) causes of action [Record No. 7] is **GRANTED**.

2.     Plaintiff Mark Penn motion [Record No. 13] is **DENIED** as moot to the extent that he seeks leave to amend his Complaint regarding his third and fifth causes of action.

Date: April 15, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky